ELIJAH M. BELL ET AL. v. F. C. VANZANT ET AL.

1. LAND —EVIDENCE.—A conveyance from H. to V. of land, described the beginning corner, and then proceeded to direct how the lines were to be run from this point, so as to include 767 acres, but did not purport to be a conveyance of land actually surveyed or marked out: *Held*, That in a suit for the land by those claiming through this deed, the plaintiff, to entitle him to recover all the land, must show that the field-notes set out in his petition and relied on by him, commenced at the place designated in said deed.

2. LAND—SURVEY—CHARGE OF COURT.—By the evidence in the trial below, it was a question open to controversy as to whether the survey relied on by plaintiff commenced at the point designated in the deed from H. to V., and in this state of the evidence the court charged as follows : "Before the plaintiff can recover under this branch of the case, he must satisfy you that the land embraced in the deed from H. to V. is the same land, or some portion of the same land described in the petition." * * And again : "In ascertaining whether the land conveyed by H. to V. is the same land described in the petition, the jury should look to all the facts and circumstances detailed in the evidence. All that is required of the plaintiff is to show with reasonable certainty that the land conveyed by H. to V. is the same land, or some portion of the same land, sued for and described in the petition :" *Held*, That, unexplained and unqualified, this charge; taken literally, entitled the plaintiff to recover all, on his showing title to any part of the land sued for, and was erroneous.

APPEAL from Harrison. The district judge, having been of counsel, declined to try the cause, and the same was tried before James Turner, esq., special judge, selected by the parties.

The facts are sufficiently stated in the opinion of the court.

*H. L. Hightower*, for appellants.

*G. B. Lipscomb* and *F. B. Sexton*, for appellees.

GOULD, ASSOCIATE JUSTICE.—This suit was instituted in 1852, by the executrix of the will of Isaac Vanzant, deceased, to recover of Samuel L. Young seven hundred and sixty-

seven acres of land, a part of B. F. Hooper's headright league, described by metes and bounds. In 1871, Elijah M. Bell, the appellant, was made a party defendant by supplemental petition. Young, the original defendant, died years before, during the pendency of the suit, and Bell claimed a part of the land sued for, some of it under conveyance from Young's heirs, and some under other persons, claimed to have been in possession when the suit was brought, but who were not made parties. As to the remainder of the land sued for, Bell filed a disclaimer; and as to that part which he claimed, set up the defense of ten years' limitation.

On the trial, the plaintiffs (the heirs of Vanzant having in the progress of the case become parties) produced in evidence a patent to Hooper, and a deed from Hooper to Isaac Vanzant, dated August 29, 1842, conveying seven hundred and sixty-seven acres of the league, described as "commencing at a post oak tree, marked with the letter V on the south side, about one fourth of a mile southeast of Young's field or improvements, and to include said improvement, and west of the Lockagee branch, about one hundred steps." The deed proceeds to direct how the lines are to be run from this point so as to include seven hundred and sixty-seven acres, but does not purport to be a conveyance of land actually surveyed or marked out. Plaintiffs also proved by a surveyor that he found, in 1874, a survey on the Hooper league marked on the ground, with lines corresponding to the directions given in the deed from Hooper, and containing seven hundred and sixty-seven acres, but whether this survey actually commenced at the point called for in that deed was, under the evidence, a question open to controversy. On the part of appellant, it is contended that there was no evidence whatever to establish that the survey commenced at the point called for, but that in fact the evidence established that point to be at quite a different place.

If the true beginning point was where it was claimed by appellant to be, then a considerable part of the land claimed

by appellant was not in fact embraced in the bounds of the land to which plaintiffs showed title.

In this state of the evidence, the court instructed the jury, that if the plaintiffs showed a grant to Hooper, embracing the land sued for, and a conveyance of that land to their ancestor, they should find for the plaintiffs, unless, under instructions thereafter given, they found for defendants. The charge then proceeds: "Before the plaintiffs can recover under this branch of the case, they must satisfy you that the land embraced in the deed from Hooper to Vanzant is the same land, or some portion of the same land, described in the petition." * * * And again: "In ascertaining whether the land conveyed by Hooper to Vanzant is the same land described in the petition, the jury should look to all the facts and circumstances detailed in the evidence. All that is required of the plaintiffs is, to show with reasonable certainty that the land conveyed by Hooper to Vanzant is the same land, or some portion of the same land sued for and described in the petition." In a subsequent part of the charge, in connection with the defense of limitations, the jury are told that they may find for plaintiffs a part of the land sued for, but there is nothing to qualify or explain the part of the charge which we have cited.

It will be observed that this charge, taken literally, entitles the plaintiff to recover, on his showing title to any part of the land sued for. If we were at liberty to supply what we presume the presiding judge intended to add, that the recovery of plaintiffs would be only for so much of the land claimed as was shown to be embraced in the deed, the charge would be unobjectionable. The correctness of the charge must be tested by the fair construction of the language used; and we see nothing in the language which will justify us in saying that it meant, or that the jury understood it as meaning, to authorize a verdict for plaintiffs for that part only of the land which the evidence showed to be embraced in the deed.

It was for the plaintiffs to show title; and in order to do so,

to all of the land claimed, it was important for them to show that their field-notes commenced at the place designated in the deed.

By their verdict, the jury found for plaintiffs the land sued for, except certain parts thereof, which excepted parts being those which were in possession of and claimed by other persons than Young when the suit was brought, they found for appellant, evidently on the ground of limitation, and not on the ground of plaintiff's failure to establish title. Indeed, most, if not all of the land so found for appellant was embraced in the deed from Hooper, whether the beginning point was where plaintiffs or appellant placed it.

This error in the charge is distinctly pointed out in the assignments of error; and, as we cannot say that it may not have led the jury to find for plaintiffs, without reference to the true locality of the land, we think it entitles appellant to a reversal of the cause.

The only other errors assigned relate to questions of fact, on which we refrain from expressing any opinion. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.